UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN GRADY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>REAL TIME RESOLUTIONS, INC., and EQUIFAX INFORMATION SERVICES, LLC<br><br>Defendants. | Civil Case Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff JOHN GRADY (hereinafter, "Plaintiff"), a New Jersey resident, brings this complaint by and through the undersigned attorneys, Marcus & Zelman, LLC, *individually* against Defendants REAL TIME RESOLUTIONS, INC. ("Realtime") and EQUIFAX INFORMATION SERVICES, LLC (hereinafter "EQUIFAX"), and *individually and on behalf of a class of all others similarly situated* against REALTIME (hereinafter collectively "Defendants"), pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**NATURE OF THE ACTION**

1

3. Plaintiff brings this class action on behalf of a class of New Jersey consumers seeking redress for Defendant REAL TIME's actions of using an unfair and unconscionable means to collect a debt.

4. Plaintiff further brings this action individually seeking redress for Defendant REAL TIME's actions of using an unfair and unconscionable means to collect a debt.

5. Defendant REAL TIME's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

6. Plaintiff is seeking damages, and declaratory and injunctive relief.

7. Plaintiff brings this action individually under the Fair Credit Reporting Act 15 U.S.C. § 1681 (hereinafter "FCRA") alleging that Defendants negligently, recklessly and knowingly falsely reported information on Plaintiff's credit file.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of New Jersey and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9. EQUIFAX is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

10. EQUIFAX's principal place of business is 1550 Peach Tree Street, N.W., Atlanta, GA 30309.

11. REALTIME is a collection agency with its registered office located at 5127 Spyglass Drive, Dallas, Texas 75287.

12. REALTIME is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

13. REALTIME is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

13. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

14. Some time prior to September 17, 2018, an obligation was allegedly incurred to original creditor CITIFINANCIAL, INC., which was later sold to LVNV FUNDING LLC ("LVNV").

15. The LVNV obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16. The alleged LVNV obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

17. LVNV is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

18. REALTIME contends that the LVNV debt is past due.

19. REALTIME collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

20. On or about September 17, 2018, REALTIME caused to be delivered to the Plaintiff a collection letter (hereinafter "Letter") in an attempt to collect the alleged LVNV debt. *See* **Exhibit A.**

21. The Letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

22. The Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

23. The Letter stated in part:

    "…we are offering you the opportunity to resolve your account for less than you owe:  Resolve your account today for $1,277.78!."

24. Upon information and belief, the debt the Defendant is attempting to collect on is passed the state of New Jersey's statute of limitations.

25. Defendant regularly sends collection letters with offers to "resolve" on debts which the statute of limitations has expired.

26. Nothing in the collection letters disclose that the alleged debt was barred by the statute of limitations, nor give any indication of how old the debt is.

27. Upon reading the Letter, the Plaintiff believed, as would the unsophisticated debtor, that he had a legal obligation to pay the LVNV debt as REALTIME was offering to "resolve" the account.

28. The Letter falsely implies that the LVNV debt is legally enforceable by making Plaintiff an offer to resolve his account

29. It is the policy of the Defendant to send and cause the sending of letters, in the form attached hereto as **Exhibit A**, that seek to collect time-barred debts and to not disclose that the debts are in fact time barred, and therefore, legally unenforceable.

30. The Federal Trade Commission ("FTC") has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations.... When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (*See* http://www.ftc.gov/opa/2012/01/asset.shtm).

31. On January 30, 2013, the FTC issued its report, *The Structure and Practices of the Debt Buying Industry*, available at http://www.ftc.gov/os/2013/01/ debtbuyingreport.pdf. The report reaffirms its position in the *United States of America v. Asset Acceptance, LLC*, No. 8:12-cv-182-T-27EAJ (M.D. Fla. 2012), *American Express Centurion Bank* (FDIC-12-315b, FDIC- 12-316k, 2012-CFPB-0002), *American Express Bank, FSB* (2012-CFPB-0003) and *American Express Travel Company, Inc.* (2012-CFPB-0004) cases, that a defendant may violate the FDCPA by sending a collection letter demanding payment of a time barred debt without disclosing that the debt was time barred.

32. Defendants could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

33. Several circuit courts have addressed this issue, including most recently the 11th Circuit in the matter of *Stephen Holzman, vs. Malcolm S. Gerald & Associates, Inc. and LVNV Funding, LLC*, Case No. 16-16511, where the panel unanimously agreed that sending a collection letter which makes an offer to "resolve" on a time barred debt, without disclosing that the debt is time-barred, may be "false, deceptive, or misleading" to the recipient of the letter in violation of §1692e of the FDCPA. In support, the 11th Circuit refers to recent decisions in the Third, Fifth, Sixth, and Seventh Circuits.

34. In response to the Letter, Plaintiff made a payment of $1,277.78 to REALTIME to resolve the account in full. See **Exhibit B.**

35. At that point, Plaintiff, as would any least sophisticated consumer, believed the account was resolved with a zero balance.

36. Several months later, on or around January 2019, Defendant REALTIME returned the $1,277.78.

37. At all times relevant hereto, and currently, REALTIME has been reporting Plaintiff as 180 days late with a balance of over $15,000.00 on Plaintiff's Equifax credit report.

38. Plaintiff believing that the reporting of a balance and the reporting of being 180 days late was inaccurate, Plaintiff disputed the inaccuracy with Equifax directly.

39. Either doing no investigation, or failing to conduct a reasonable investigation, and despite receiving a dispute from the Plaintiff, Defendants have continued to report the inaccuracies on Plaintiff's Equifax credit report.

40. As a direct and proximate result of the Defendants' willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed in his daily life.

## CLASS ALLEGATIONS

41. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class") consisting of: a) All consumers who have an address in the state of New Jersey b) who were sent a collection letter from REALTIME c) attempting to collect a consumer debt owed to LVNV, d) on a debt that is passed the relevant statute of limitations e) which

makes an offer to "resolve" f) without disclosing that the debt was time barred, g) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

42. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

43. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

44. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as ***Exhibit A***, violate 15 U.S.C. § 1692e.

45. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

46. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor Plaintiff's attorneys have any interests, which might cause them not to vigorously pursue this action.

47. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-

defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. § 1692e.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum

efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

48. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

49. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I
### *Individually and on behalf of all others similarly situated*
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

50. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

51. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(2), 1692e(5) and 1692e(10).

52. Section 15 U.S.C. §1692e provides:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the application of the foregoing, the following is conduct is a violation: . . .**

53. The Defendants violated said provision by:

   a. Falsely representing the legal status of the debt in violation of 15 U.S.C. §1692e(2)(A);

    b.  Making false threats to take action that cannot legally be taken in violation of 15 U.S.C. §1692e and 1692e(5);

    c.  Using false representations and/or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692e(10).

54. By reason thereof, Defendants liable to Plaintiff for judgment that their conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**COUNT II**
***INDIVIDUALLY***
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***

55. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

56. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(2), 1692e(5) and 1692e(10).

57. Section 15 U.S.C. §1692e provides:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the application of the foregoing, the following is conduct is a violation: . . .**

58. The Defendants violated said provision by:

    a.  Using false representations and/or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692e(10).

59. By reason thereof, Defendants liable to Plaintiff for judgment that their conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and

attorneys' fees.

**COUNT III**
*INDIVIDUALLY*
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
15 U.S.C. § 1681i
AGAINST EQUIFAX**

60. At all times pertinent hereto, Equifax was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

61. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

62. On multiple occasions in 2018, Plaintiff initiated disputes with Experian, Equifax, and Transunion requesting that they correct a specific item in his credit file that is patently inaccurate and damaging to him.

63. Equifax, having either conducting no investigation or failing to conduct a reasonable investigation, verified the inaccurate item on his credit file, something that any basic investigation would have prevented.

64. As a direct and proximate result of Defendants Experian, Equifax, and Transunion willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

**COUNT IV**
*INDIVIDUALLY*
**FAILURE TO INVESTIGATE DISPUTE
15 U.S.C. § 1681s-2(b)
AGAINST REALTIME**

65. Pursuant to section 1681s-2(b), furnishers of credit information have a duty under the

FCRA to investigate disputes from consumers as to the accuracy of information being reported.

66. Defendant REALTIME violated said section by failing to investigate Plaintiff's valid dispute, causing an inaccurate negative reporting to remain on Plaintiff's credit report.

67. As a direct and proximate result of their conduct, Plaintiff has been harmed, as explained above.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and the undersigned as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: July 16, 2019

/s/ Ari Marcus

Ari Marcus, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
*Attorneys for Plaintiff*